Alison M. Crane, No. 197359
Errol C. Dauis, No. 279313
**BLEDSOE, CATHCART, DIESTEL,
PEDERSEN & TREPPA, LLP**
601 California Street, 16th Floor
San Francisco, California 94108-2805
Telephone:   (415) 981-5411
Facsimile:   (415) 981-0352

Attorneys for Defendant ATTILIO
MALATESTA, Trustee of the SURVIVORS
TRUST portion of the ATTILIO
MALATESTA and CATHERINE
MALATESTA TRUST, dated June 20, 1995,
for the benefit of ATTILIO MALATESTA

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>  Plaintiff,<br><br>  v.<br><br>PAPYRUS; JOSEPH P. CHANG, and ATILIO MALATESTA, Trustee of the SURVIVORS TRUST portion under the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, dated June 20, 1995, for the benefit of ATTILIO MALATESTA,<br><br>  Defendants. | Case No. 13-CV-01314-EDL<br><br>**CONSENT DECREE** |

  **WHEREAS**, Plaintiff CRAIG YATES ("Plaintiff") has filed an action in the United States District Court, Northern District of California, alleging claims for damages and injunctive relief under the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101, *et seq.*), California Civil Code §§54, 54.1, and 54.3, and California Civil Code §§51 *et seq.* (the Unruh Civil Rights Act) arising out of Plaintiff's visit to PAPYRUS on February 4, 2013, and February 20, 2013; and

  **WHEREAS**, Defendant JOSEPH P. CHANG owns and operates Defendant PAPYRUS (collectively "Defendant PAPYRUS") located at 2275 Chestnut Street, San Francisco, California (the "Subject Property"); and

WHEREAS, Defendant ATTILIO MALATESTA, Trustee of the SURVIVORS TRUST portion under the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, dated June 20, 1995, for the benefit of ATTILIO MALATESTA ("Defendant MALATESTA") is an owner of the Subject Property located at 2275 Chestnut Street, San Francisco, California; and

WHEREAS, ATTILIO MALATESTA, as Successor Trustee of the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, under Declaration of Trust dated June 20, 1995 ("Non-Party MALATESTA") is the other owner of the Subject Property located at 2275 Chestnut Street, San Francisco, California; and

WHEREAS, Defendant MALATESTA and Non-Party MALATESTA are referred to herein as "MALATESTA;" and

WHEREAS, Plaintiff, Defendant PAPYRUS, and Defendant MALATESTA have agreed upon a settlement pursuant to which Defendant PAPYRUS and MALATESTA will perform certain remedial improvements at the Subject Property as a result of this litigation to provide access to disabled persons as well as make monetary payments to Plaintiff and Plaintiff's counsel in full and final settlement of Plaintiff's claims for damages, attorneys' fees, costs and litigation expenses as outlined in Section VII below; and

WHEREAS, Plaintiff, Defendant PAPYRUS, and MALATESTA agree that the settlement of this claim is made in good faith and in an effort to avoid expensive and protracted litigation, but without any admission or finding of liability or fault as to any allegation or matter;

WHEREAS, the present door, front door ramp, threshold, strike side, lack of lever hardware, narrow aisle width, and service counter height at the Subject Property may present architectural barriers to a wheelchair user; and

WHEREAS, under the "readily achievable" standard of the Code of Federal Regulations it is not readily achievable to widen the frame of the existing entryway by making changes to the plate glass window which forms the front of the store. Therefore, MALATESTA will provide a greater amount of access to the extent feasible by using best efforts to widen the frame of the existing entryway to allow for the installation of a 34" door providing 2" of clearance when the door is open at ninety degrees; and

WHEREAS, under the "readily achievable" standard of the Code of Federal Regulations it is not readily achievable to change the slope of front door ramp due to the angle of the ramp and space limitations such that any re-grading of the slope would create significant intrusion into the limited retail space of the Subject Property.

NOW, THEREFORE, it is ORDERED, ADJUDGED, AND DECREED as follows:

## I. JURISDICTION

A. The Court has jurisdiction over the subject matter of and the parties to this Consent Decree pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101, *et seq.*

B. Defendant PAPYRUS and MALATESTA do not contest and agree not to contest the Court's jurisdiction to enter into and enforce this Consent Decree.

## II. DENIAL OF LIABILITY

Defendant PAPYRUS and MALATESTA deny any and all legal or equitable liability under any federal, state or local statute, regulation or ordinance, or the common law, for any damages or claims caused by or arising out of Defendant PAPYRUS's and MALATESTA's acts or inaction. By entering into this Consent Decree, or by taking any action in accordance with it, Defendant PAPYRUS and MALATESTA do not admit any allegations contained herein or in the complaint, nor do Defendant PAPYRUS and MALATESTA admit any liability for any purpose or admit any issue of law or fact or any responsibility for the alleged noncompliance of the Subject Property with the ADA, Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), California Building Standards Code, or any other state or federal building code or statute.

## III. PURPOSE

The purpose of this Consent Decree is to

A. Resolve amicably the existing dispute between the parties hereto;

B. Settle the claims asserted against Defendant PAPYRUS and Defendant MALATESTA in the complaint filed in this matter;

///

C. Provide for the REMEDIAL WORK, as defined in Section VI.B. below, as necessary to provide access to persons with disabilities; and

D. Confirm that the REMEDIAL WORK meets the "readily achievable" standard of the ADA as well as the standards set forth in the ADAAG, California Building Standards Code, and other applicable state or federal building code or statute.

## IV. BINDING EFFECT

A. The undersigned representative certifies that he or she is an officer or agent of Defendant PAPYRUS and is fully authorized to enter into the terms and conditions of this Consent Decree and that he or she is fully authorized to execute this document and legally bind Defendant PAPYRUS to the provisions of this Consent Decree.

B. The undersigned representative certifies that he is the Trustee of Defendant MALATESTA and is fully authorized to enter into the terms and conditions of this Consent Decree and that he is fully authorized to execute this document and legally bind Defendant MALATESTA to the provisions of this Consent Decree.

C. The undersigned representative certifies that he is the Trustee of Non-Party MALATESTA and is fully authorized to enter into the terms and conditions of this Consent Decree and that he is fully authorized to execute this document and legally bind Non-Party MALATESTA to the provisions of this Consent Decree.

D. The undersigned representative certifies that he or she is an officer or agent of Plaintiff and is fully authorized to enter into the terms and conditions of this Consent Decree; that he or she is fully authorized to execute this document and legally bind Plaintiff to the provisions of this Consent Decree; and that he or she has not assigned, transferred, or purported to assign or transfer, to any person or entity any claim or other matter which is the subject of this Consent Decree.

## VI. WORK TO BE PERFORMED

A. In general, Defendant PAPYRUS and MALATESTA shall make the Subject Property accessible to persons with disabilities in accordance with the "Readily Achievable" standard under 28 C.F.R. part 36 in conjunction with the ADAAG.

B.  Specifically, as settlement of the equitable claim brought by Plaintiff, Defendant PAPYRUS and MALATESTA shall undertake remedial measures to make the following elements of the Subject Property accessible to persons with disabilities, which constitutes the removal of architectural barriers pursuant to the readily achievable standard as set forth in the Code of Federal Regulation (28 C.F.R. 36.304), the ADA, and the ADAAG, as referred to in the ADA and ADAAG, California Building Standards Code, and other applicable state or federal building code or statute, and which remedial measures are referred to herein as the "REMEDIAL WORK,":

1. MALATESTA will make best efforts to widen the frame of the existing entryway to the retail store to allow for the installation of a 34" door providing 2" of clearance when the door is open at ninety degrees; and
2. MALATESTA will install an automatic door opener at the front entrance which shall have a palm button that is at least 4" x 4" with blue ISA button; and
3. MALATESTA will install levered hardware on the new door; and
4. MALATESTA will remove the metal threshold at the front door and install a beveled rubber threshold attachment no higher than ½"; and
5. Defendant PAPYRUS and MALATESTA will affix a 6 x 6" ISA sign on the front of the entrance door; and
6. Defendant PAPYRUS will maintain clear merchandise aisles of 35" wide; and
7. Defendant PAPYRUS will provide a section of counter that is a minimum of 36" wide and 34" high.

C.  The work to be performed pursuant to this Consent Decree shall be completed within one (1) year of the signing of this Consent Decree.

D.  The parties also agree that the REMEDIAL WORK meets the "readily achievable" standard of the ADA as well as the standards set forth in the ADAAG, California Building Standards Code, and other applicable state or federal building code or statute.

///
///

## VII.  MONETARY PAYMENT

A.  In full and complete settlement of Plaintiff's claims against Defendant PAPYRUS and MALATESTA, it is further agreed that Defendant PAPYRUS and Defendant MALATESTA shall pay to Plaintiff and his counsel Thomas E. Frankovich, A Professional Law Corporation, the following sums in full and final settlement of all claims for damages, attorneys' fees, costs, and litigation expenses as set forth in a separate Release:

    1. Defendant PAPYRUS shall pay six thousand five hundred dollars ($6,500); and

    2. Defendant MALATESTA shall pay twenty-two thousand four hundred fifty dollars ($22,450).

The Release itself is not a part of this Consent Decree.

## VIII.  MODIFICATION

There shall be no modification of this Consent Decree without written approval of all parties hereto.

## IX.  EFFECTIVE DATE

This Consent Decree is effective upon the date of its entry by the Court.

## X.  CONTINUING JURISDICTION

The Court specifically retains jurisdiction over both the subject matter of and the parties to this action for the duration of this Consent Decree for the purpose of issuing such further orders or directions as may be necessary or appropriate to construe, implement, modify, enforce, terminate, or reinstate the terms of this Consent Decree, including but not limited to attorneys' fees, costs, and litigation expenses incurred in enforcing this Consent Decree, or for any further relief as the interest of justice may require.

## XI.  TERMINATION AND SATISFACTION

A.  Upon Defendant PAPYRUS's and MALATESTA's completion of the work to be performed, as specified, pursuant to this Consent Decree, on or before one (1) year of the signing of this Consent Decree, whichever occurs earlier, the Court's jurisdiction of this matter shall terminate unless the parties show good cause for the continuance of this Consent Decree.

///

The undersigned hereby consent to the foregoing Consent Decree.

Dated: May 19, 2014            For Defendant PAPYRUS

_____
JOSEPH P. CHANG

Dated:                         For Defendant MALATESTA

_____
ATTILIO MALATESTA, Trustee of the SURVIVORS TRUST portion of the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, dated June 20, 1995, for the benefit of ATTILIO MALATESTA

Dated:                         For Non-Party MALATESTA

_____
ATTILIO MALATESTA, as Successor Trustee of the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, under Declaration of Trust dated June 20, 1995

Dated:                         For Plaintiff CRAIG YATES

_____
CRAIG YATES

ORDER

IT IS SO ORDERED.

Dated:

_____
HONORABLE ELIZABETH D. LAPORTE
UNITED STATES DISTRICT COURT JUDGE

-7-
[PROPOSED] CONSENT DECREE — YATES V. PAPYRUS ET AL. 13-CV-01314-EDL

The undersigned hereby consent to the foregoing Consent Decree.

| | |
|---|---|
| Dated: | For Defendant PAPYRUS |
| | _____ |
| | JOSEPH P. CHANG |
| Dated: 14, MAy 2014 | For Defendant MALATESTA |
| | *[signature: Attilio Malatesta]* |
| | ATTILIO MALATESTA, Trustee of the SURVIVORS TRUST portion of the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, dated June 20, 1995, for the benefit of ATTILIO MALATESTA |
| Dated: 14, MAy 2014 | For Non-Party MALATESTA |
| | SUCCESSOR TRUSTEE *[signature: Attilio Malatesta]* |
| | ATTILIO MALATESTA, as Successor Trustee of the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, under Declaration of Trust dated June 20, 1995 |
| Dated: | For Plaintiff CRAIG YATES |
| | _____ |
| | CRAIG YATES |

**ORDER**

IT IS SO ORDERED.

Dated: _____

HONORABLE ELIZABETH D. LAPORTE
UNITED STATES DISTRICT COURT JUDGE

-7-
[PROPOSED] CONSENT DECREE — YATES V. PAPYRUS ET AL. 13-CV-01314-EDL

1     The undersigned hereby consent to the foregoing Consent Decree.

3   Dated:                                       For Defendant PAPYRUS

                                                              JOSEPH P. CHANG

7   Dated:                                         For Defendant MALATESTA

                                                               ATTILIO MALATESTA, Trustee of the SURVIVORS TRUST portion of the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, dated June 20, 1995, for the benefit of ATTILIO MALATESTA

13  Dated:                                         For Non-Party MALATESTA

                                                               ATTILIO MALATESTA, as Successor Trustee of the ATTILIO MALATESTA and CATHERINE MALATESTA TRUST, under Declaration of Trust dated June 20, 1995

19  Dated: *May 15, 2014*                   For Plaintiff CRAIG YATES

                                                               CRAIG YATES

**ORDER**

**IT IS SO ORDERED.**

Dated: July 29, 2014

                                                               HONORABLE ELIZABETH D. LAPORTE
UNITED STATES DISTRICT COURT JUDGE